IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 21-cv-02231-PAB

WHISPERING PINES WEST CONDOMINIUM ASSOCIATION, INC., a Colorado Corporation,

    Petitioner,

v.

GREAT AMERICAN INSURANCE COMPANY OF NEW YORK,

    Respondent.

## ORDER TO SHOW CAUSE

The Court takes up this matter *sua sponte* on Whispering Pines West's Petition to Compel Arbitration [Docket No. 1]. Petitioner asserts that this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332. Docket No. 1 at 2, ¶ 5.

In every case and at every stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action. *See Citizens Concerned for Separation of Church & State v. City & Cnty. of Denver*, 628 F.2d 1289, 1297 (10th Cir. 1980). Absent an assurance that jurisdiction exists, a court may not proceed in a case. *See Cunningham v. BHP Petroleum Gr. Brit. PLC,* 427 F.3d 1238, 1245 (10th Cir. 2005). Courts are well-advised to raise the issue of jurisdiction on their own, regardless of parties' apparent acquiescence. First, it is the Court's duty to do so. *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). Second, regarding subject matter jurisdiction, "the consent of the parties is irrelevant, principles of estoppel do not apply, and a party does not waive the

requirement by failing to challenge jurisdiction." *Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) (citations omitted).  Finally, delay in addressing the issue only compounds the problem if, despite much time and expense having been dedicated to the case, a lack of jurisdiction causes it to be dismissed.  *See U.S. Fire Ins. Co. v. Pinkard Constr. Co.*, No. 09-cv-00491-PAB-MJW, 2009 WL 2338116, at *3 (D. Colo. July 28, 2009).

"The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter."  *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004).  Petitioner asserts that this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332.  Docket No. 1 at 2, ¶ 5.  Pursuant to § 1331, "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Section 1332 provides, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  28 U.S.C. § 1332(a).  While, at the pleading stage, the Court takes as true all "well-pled (that is, plausible, conclusory, and non-speculative) facts," *Dudnikov v. Chalk & Vermilion Fine Arts*, 514 F.3d 1063, 1070 (10th Cir. 2008), the allegations regarding the citizenship of petitioner and respondent are not well-pled.

As an initial matter, petitioner alleges that the Court has federal-question jurisdiction based on the Federal Arbitration Act.  Docket No. 1 at 8, ¶ 28.  The Federal Arbitration Act, however, "does not create any independent federal-question jurisdiction"; rather, "the party seeking confirmation must demonstrate a jurisdictional

2

basis under either 28 U.S.C. § 1331 (federal question) or § 1332 (diversity)." *See Andrew v. Walzl/ State of Colo.*, 829 F. App'x 872, 874 (10th Cir. 2020) (unpublished) (quoting *Int'l Label Service, Inc. v. Engineered Data Products, Inc.*, 15 F. App'x 717, 719 (10th Cir. 2001) (unpublished)); *see also Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 26 n.32 (1983) (the Federal Arbitration Act "does not create any independent federal-question jurisdiction under 28 U.S.C. § 1331 or otherwise" (citation omitted)). Petitioner has identified no federal-question that could provide a jurisdictional basis under § 1331.

Petitioner's allegations that the Court has subject matter jurisdiction under § 1332 are not well-pled with respect to either party. As to petitioner, petitioner identifies itself as a "common interest community association," Docket No. 1 at 1, ¶ 2; however, the caption of the petition identifies petitioner as a corporation. Petitioner has not clearly identified what type of entity it is. This information is critical to the Court's jurisdictional analysis because, while a corporation is deemed to be a citizen of "every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business," 28 U.S.C. § 1332(c)(1), the citizenship of a limited liability company is determined, not by its state of organization or principal place of business, but by the citizenship of all of its members. *See Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1237–38 (10th Cir. 2015) ("[I]n determining the citizenship of an unincorporated association for purposes of diversity, federal courts must include all the entities' members."); *Jett v. Phillips & Assoc's*, 439 F.2d 987, 990 (10th Cir. 1971) ("[F]or purposes of diversity jurisdiction, the citizenship of an unincorporated association is the citizenship of [each of] the individual members of

the association.").

As to respondent, petitioner identifies respondent, based on information and belief, as an "eligible nonadmitted insurance company formed under the laws of the State of Ohio, with its principal place of business in Cincinnati, Ohio." Docket No. 1 at 2, ¶ 3. It is not clear, however, whether respondent is a corporation or another sort of entity. As with petitioner, this information is crucial to the Court's jurisdictional analysis. *See Siloam Springs Hotel*, 781 F.3d at 1237–38 ("[I]n determining the citizenship of an unincorporated association for purposes of diversity, federal courts must include all the entities' members."); *Jett*, 439 F.2d at 990. Moreover, the Court reads petitioner's averment "upon information and belief" to mean that petitioner does not have affirmative knowledge of either respondent's principal place of business or of its state of incorporation. Such an allegation, therefore, cannot confer subject matter jurisdiction over this case. *See W. Bldg. Grp., LLC v. Auto-Owners Ins. Co.*, No. 19-cv-01632-PAB, 2019 WL 2865381, at *1 (D. Colo. July 3, 2019) (finding allegations of citizenship of LLC members based "[u]pon information and belief" insufficient to confer subject matter jurisdiction); *Yates v. Portofino Real Estate Props. Co., LLC*, No. 08-cv-00324-PAB-MJW, 2009 WL 2588833, at *3 (D. Colo. Aug. 17, 2009) (requiring plaintiff to "address the citizenship of each of [defendant's] members without resorting merely to their 'information and belief' as to the same"); *U.S. Fire Ins. Co. v. Pinkard Constr. Co.*, No. 09-cv-00491-PAB-MJW, 2009 WL 2338116, at *3 (D. Colo. July 28, 2009) (interpreting allegations based on "information and belief" to "mean that plaintiffs have no affirmative knowledge of a lack of diversity").

Because the allegations regarding both petitioner's and respondent's citizenship

are not well-pled, the Court is unable to determine the citizenship of either party and whether the Court has jurisdiction.  *See United States ex rel. General Rock & Sand Corp. v. Chuska Dev. Corp.*, 55 F.3d 1491, 1495 (10th Cir. 1995) ("The party seeking the exercise of jurisdiction in his favor must allege in his pleading the facts essential to show jurisdiction." (quotations omitted)).  It is therefore

**ORDERED** that, on or before **October 19, 2021**, petitioner shall show cause why this case should not be dismissed due to the Court's lack of subject matter jurisdiction.

DATED October 5, 2021.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge