IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 21-cv-02231-PAB-MEH

WHISPERING PINES WEST CONDOMINIUM ASSOCIATION, INC., a Colorado corporation,

      Petitioner,

v.

GREAT AMERICAN INSURANCE COMPANY OF NEW YORK,

      Respondent.

---

### ORDER

---

This matter is before the Court on the Recommendation of United States Magistrate Judge [Docket No. 40] concerning Great American Insurance Company of New York's Rule 12(c) Motion for Judgment on the Pleadings [Docket No. 24] and Whispering Pines West's Motion to Compel Arbitration [Docket No. 25]. The magistrate judge recommends denying the motion for judgment on the pleadings and granting the motion to compel arbitration. Docket No. 40 at 11–12. Respondent objected to the recommendation, Docket No. 41, to which petitioner responded. Docket No. 42. The Court has jurisdiction pursuant to 28 U.S.C. § 1332.

## I. BACKGROUND[1]

Petitioner is a common interest community association formed under the laws of Colorado consisting of numerous condominium buildings located on Princeton and East

---

[1] Respondent does not object to the following facts, which are drawn from the recommendation. *See* Docket No. 40 at 1–4.

Quincy Avenues in Denver, Colorado (the "Property").  Docket No. 1 at 1, ¶ 2; Docket No. 1-2.[2]  At all times relevant, petitioner was the named insured on a primary property insurance policy issued by Certain Underwriters at Lloyd's, London ("Underwriters"), policy number E15NF08860, with effective dates of September 25, 2015 through September 25, 2016 (the "Primary Policy").  Docket No. 1 at 2, ¶ 7; Docket No. 1-2 at 5. Petitioner was also the named insured on an excess property insurance policy issued by respondent, policy number CPP 4080271-00, with effective dates of September 25, 2015 through September 25, 2016 (the "Excess Policy").  Docket No. 1 at 2, ¶ 7; Docket No. 1-1.  The Excess Policy covers loss or damage in any one occurrence up to the limit of $30,541,933, in excess of $10,000,000, which is the Primary Policy limit.  Docket No. 1-1; Docket No. 1-2; Docket No. 8 at 2–3, ¶ 7.

On or about July 15, 2016, the Property sustained damage from a hailstorm (the "Event").  Docket No. 1 at 3, ¶ 8.  Petitioner gave notice of its claim for hail damage to CRC Insurance Services, Inc. ("CRC"), the authorized insurance broker that bound both Underwriters and respondent to coverage under their respective policies.  *See* Docket No. 1-3; Docket No. 8 at 4, ¶ 9.  This notice did not reference the Excess Policy and

---

[2] In evaluating a Rule 12(b)(6) motion to dismiss, courts may consider not only the challenged complaint itself, but also attached exhibits and documents incorporated into the complaint by reference.  *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009).  This is also true of a Rule 12(c) motion for judgment on the pleadings.  *See GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1383-84 (10th Cir. 1997) (stating that court may consider materials referenced in and central to the complaint in the context of a Rule 12(b)(6) motion which incorporated arguments that had been made in a Rule 12(c) motion).  In addition, "facts subject to judicial notice may be considered in a Rule 12(b)(6) motion without converting the motion to dismiss into a motion for summary judgment."  *Tal v. Hogan*, 453 F.3d 1244, 1264 n. 24 (10th Cir. 2006).  The petition and answer both contain exhibits, which the magistrate judge and Court consider.

was not directed to respondent.  Docket No. 8-1 at 4–14.  During adjustment of the loss, Underwriters demanded arbitration of the claim ("Underwriters Arbitration").  Docket No. 1 at 3, ¶ 11; Docket No. 8 at 4, ¶ 11.  Underwriters served its formal demand for arbitration on September 11, 2019.  Docket No. 1-5; Docket No. 1 at 4, ¶ 13.

Underwriters and petitioner disagreed on the scope of the arbitration provision at issue.  Docket No. 1 at 4, ¶¶ 14–15.  The arbitration provision of the Primary Policy states:

12) **ARBITRATION**

If the Assured and Underwriters fail to agree in whole or in part regarding any aspect of this Policy, each party shall, within ten (10) days after the demand in writing by either party, appoint a competent and disinterested arbitrator and the two chosen shall before commencing the arbitration select a competent and disinterested umpire.  The arbitrators together shall determine such matters in which the Assured and Underwriters shall so fail to agree and shall make an award thereon, and if they fail to agree, they will submit their differences to the umpire and the award in writing of any two, duly verified, shall determine the same.  The Parties to such arbitration shall pay the arbitrators respectively appointed by them and bear equally the expenses of the arbitration and the charges of the umpire.

Docket No. 1-2 at 12; Docket No. 1 at 3–4, ¶ 12; Docket No. 8 at 5, ¶ 12.[3]  Petitioner filed suit in state court seeking statutory relief under Colo. Rev. Stat. §§ 10-3-1115, 10-

---

[3] The Primary Policy also contains a "Limitation Clause," which states:

13) **SUIT LIMITATION CLAUSE**

No law suit [sic] or other action shall be taken against the Underwriters hereon, unless, as a condition precedent thereto, the Assured shall first have satisfied all the terms and conditions of this Insurance, nor unless commenced within 24 months after either the expiration or cancellation of this Insurance, whichever occurs first.

Docket No. 1-2 at 12.

3-1116 and asserting that the arbitration provision did not encompass the statutory

claim.  Docket No. 1 at 4, ¶ 14.  Underwriters removed that case to federal court in

November 2019.  *See Whispering Pines W. Condo. Homeowners Ass'n, Inc. v. Certain*

*Underwriters at Lloyd's, London*, No. 19-cv-03238-REB-MEH (D. Colo.) ("Whispering

Pines I"), Docket No. 1 (dated November 15, 2019).  Subsequently, Underwriters filed a

motion to compel arbitration.  *Whispering Pines I*, Docket No. 11 (dated November 21,

2019).  Magistrate Judge Michael E. Hegarty issued a recommendation to grant the

motion, finding that the arbitration provision is broad and applying the presumption of

arbitrability.  *Whispering Pines I*, 2020 WL 1076126, at *5 (D. Colo. Mar. 6, 2020).

Senior District Judge Robert E. Blackburn adopted that recommendation.  *Whispering*

*Pines I*, 2020 WL 9432883, at *1 (D. Colo. Aug. 3, 2020).

       The parties agree that the Excess Policy "follows form" with the Primary Policy,

including the arbitration provision.  *See* Docket No. 1-3; Docket No. 37 at 4 (describing

the Excess Policy as "follow form").  Specifically, the Excess Policy's Insurance

Declarations state:

> **6. COVERAGE TERMS AND CONDITIONS:**
>
> Except as respects the premium, the Limit of Insurance, renewal
> agreement, or as otherwise provided herein, this policy is subject to the
> same terms and conditions as the following Primary Policy:
>
> **PRIMARY POLICY INSURER:** LLOYDS OF LONDON
> **PRIMARY POLICY NUMBER:** E15NF08860
> **PRIMARY POLICY PERIOD:** 09/25/15 To 09/25/16

Docket No. 1-1 at 16.

       On June 23, 2021, petitioner notified respondent of the Event and of a claim

which may involve the Excess Policy.  Docket No. 1 at 5, ¶ 18; Docket No. 8 at 7–8,

¶ 18; *id.* at 14, ¶ 3(c); Docket No. 1-6.  The notification further informed respondent that an arbitration hearing was scheduled to begin three business days later, on Monday, June 28, 2021, between petitioner and Underwriters related to the Event and claim on the Primary Policy.  Docket No. 1-6 at 2.  Petitioner demanded that respondent submit to jurisdiction and participate in the Underwriters Arbitration.  Docket No. 1-7 at 2–3.  Respondent declined, Docket No. 8-4, and this lawsuit followed.

## II.  LEGAL STANDARD

The Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  An objection is "proper" if it is both timely and specific.  *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1059 (10th Cir. 1996).  A specific objection "enables the district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute."  *Id.*

In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate.  *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings.").  The Court therefore reviews the non-objected to portions of the recommendation to confirm that there is "no clear error on the face of the record."  Fed. R. Civ. P. 72(b), Advisory Committee Notes.  This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than de novo review.  Fed. R. Civ. P. 72(b).

## III. ANALYSIS

### A. Motion to Compel Arbitration[4]

The magistrate judge noted that respondent raised three issues against the enforceability of the arbitration provision: "(1) the Excess Policy's Limitations Clause bars arbitration; (2) [p]etitioner's breach of the Warranty Clause voided the Excess Policy; and (3) [p]etitioner waived any right to arbitration through its litigation conduct." Docket No. 40 at 6.  Respondent objects to the magistrate judge's conclusions on each of these issues.

Under Colorado law, "[a]rbitration is a matter of contract and is governed by contract principles."  *Winter Park Real Estate & Invs., Inc. v. Anderson*, 160 P.3d 399, 403 (Colo. App. 2007).  When interpreting a contract, a court must "seek to effectuate the intent and reasonable expectations of the parties."  *Id.*  If the parties' intent is unclear, however, "a court must apply a presumption in favor of arbitration, and prohibit litigation unless the court can say . . . that the arbitration provision is not susceptible of any interpretation that encompasses the subject matter of the dispute."  *Id.*

---

[4] The parties rely on both Colorado and federal law.  *See* Docket No. 25 at 8; Docket No. 37 at 6.  The magistrate judge explained that the Court "applies state law to determine whether an arbitration agreement is enforceable."  Docket No. 40 at 5 (citing *Weller v. HSBC Mortg. Servs., Inc.*, 971 F. Supp. 2d 1072, 1077 (D. Colo. 2013)).  "The interpretation of a contract is a question of law for the court, and a court's duty is 'to interpret a contract in a manner that effectuates the manifest intention of the parties at the time the contract was signed.'"  *Id.* (quoting *Randall & Blake v. Metro Wastewater Reclamation Dist.,* 77 P.3d 804, 806 (Colo. App. 2003)).  The magistrate judge relied on federal law to resolve the question of arbitrability regarding whether the parties are bound by a given arbitration clause.  *Id.* at 6 (quoting *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84 (2002) ("[A] gateway dispute about whether the parties are bound by a given arbitration clause raises a 'question of arbitrability' for a court to decide.")).  The Court finds no clear error in the magistrate judge's choice of law analysis, which neither party objects to.  *See* Fed. R. Civ. P. 72(b).

The Federal Arbitration Act ("FAA") does not differ from Colorado law in any respect material to this case.  Both reflect "liberal . . . policy favoring arbitration and the fundamental principle that arbitration is a matter of contract."  *Sanchez v. Nitro-Lift Techs., LLC*, 762 F.3d 1139, 1145 (10th Cir. 2014) (quoting *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011)).  Pursuant to these principles, courts "must rigorously enforce arbitration agreements according to their terms," *Am. Express Co. v. Italian Colors Restaurant*, 570 U.S. 228, 233 (2013) (quotation and citation omitted), and resolve "any doubts concerning the scope of arbitrable issues" in favor of arbitration.  *Sanchez*, 762 F.3d at 1146 (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25 (1983)).  "In addition, this liberal policy 'covers more than simply the substantive scope of the arbitration clause,' and 'encompasses an expectation that [arbitration] procedures will be binding.'"  *P&P Indus., Inc. v. Sutter Corp.*, 179 F.3d 861, 866 (10th Cir. 1999) (citation omitted).

A court considering a motion to compel arbitration first examines the scope of the parties' arbitration agreement and then determines whether the plaintiff's claims are within that scope.  *Cummings v. FedEx Ground Package Sys., Inc.*, 404 F.3d 1258, 1261 (10th Cir. 2005) (citing *Nat'l Am. Ins. Co. v. SCOR Reinsurance Co.*, 362 F.3d 1288, 1290 (10th Cir. 2004)).

### 1.  Limitations Clause

As the magistrate judge noted, and as quoted above, the Limitations Clause provides, in relevant part, that "[n]o law suit [sic] or other action shall be taken . . . unless commenced within 24 months after either the expiration or cancellation of this Insurance."  *Id.* (quoting Docket No. 1-2 at 12).  The magistrate judge explained that the

United States Supreme Court in *Howsam* held "the phrase 'question of arbitrability' *not* applicable in other kinds of general circumstance where parties would likely expect that an arbitrator would decide the gateway matter." *Id.* (quoting *Howsam*, 537 U.S. at 84) (emphasis in *Howsam*).  The Court in *Howsam* further held that "'procedural' questions which grow out of the dispute and bear on its final disposition are presumptively *not* for the judge, but for an arbitrator, to decide." *Howsam*, 537 U.S. at 84 (quotation and citations omitted).  "So, too, the presumption is that the arbitrator should decide 'allegation[s] of waiver, delay, or a like defense to arbitrability.'" *Id.* (quoting *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 24–25).  The magistrate judge also relied on *St. Paul Fire & Marine Ins. Co. v. Apartment Inv. & Mgmt. Co.*, No. 09-cv-02353-WDM-KMT, 2010 WL 743502 (D. Colo. Mar. 2, 2010), Docket No. 40 at 7, where the court considered whether an arbitration was timely.  The court in *St. Paul Fire & Marine* granted the insured's motion to compel, relying on *Howsam*, because "the issue of whether the contractual time limit bars [the insured's] claims on the merits is a classic question of procedural arbitrability and is presumptively an issue for the arbitrator to decide." *St. Paul Fire & Marine*, 2010 WL 743502, at *3.  In addition, the court held that there was "no language in the arbitration clause or other provision of the Policy to indicate that the parties intended to depart from this presumption by having the court, rather than an arbitrator, decide the meaning and scope of the Limitations Clause." *Id.*

In response to petitioner's motion to compel, respondent argued in favor of limiting *St. Paul Fire & Marine* to its facts.  *See* Docket No. 37 at 9 n.4 ("The [*St. Paul Fire & Marine*] [c]ourt found ambiguity in the subject provisions as well as questions of fact going to the triggering of provisions, thus questions to be determined by the

arbitrator.  Here, there is no assertion of ambiguity and no material issues of fact exist.").  The magistrate judge rejected that argument in the recommendation because the court in *St. Paul Fire & Marine* explained that the question of whether the court or an arbitrator should determine the applicability of a policy's limitations clause, or the availability of a time-limits defense, "has been definitively answered by the United States Supreme Court in *Howsam*."  *St. Paul Fire & Marine*, 2010 WL 743502, at *3.  In his recommendation, the magistrate judge noted that the Court in *Howsam* held that the applicability of time-limit rules "is a matter presumptively for the arbitrator, not the judge."  Docket No. 40 at 7 (quoting *Howsam*, 537 U.S. at 85 ("in the absence of an agreement to the contrary, issues of substantive arbitrability . . . are for a court to decide and issues of procedural arbitrability, i.e., whether prerequisites such as *time limits,* notice, laches, estoppel, and other conditions precedent to an obligation to arbitrate have been met, are for the arbitrators to decide" (citation omitted)).  Thus, the magistrate judge concluded that respondent's defense of petitioner invoking the arbitration clause too late is a matter for the arbitrator to decide.  Docket No. 40 at 7–8.

In its objection, respondent argues that *Howsam* and *St. Paul Fire & Marine* are "very narrow in their scope and should have no bearing on the outcome of the matter before this court."  Docket No. 41 at 3–4.  As in its briefing on the motion, respondent attempts to limit both cases to their facts.  *Id.*  However, courts "must rigorously enforce arbitration agreements," *Am. Express Co.*, 570 U.S. at 233 (internal quotations omitted), and resolve "any doubts concerning the scope of arbitrable issues" in favor of arbitration.  *Sanchez*, 762 F.3d at 1146.  Respondent's argument that *Howsam* and *St. Paul Fire & Marine* should be read narrowly conflicts with the liberal policy favoring

arbitration and ignores the courts' clear holdings.  The Court in *Howsam* explained that "[t]he time limit rule closely resembles the gateway questions that this Court has found not to be 'questions of arbitrability.'"  537 U.S. at 85 (citing *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 24–25 (referring to "waiver, delay, or a like defense")).  "Such a dispute seems an 'aspec[t] of the [controversy] which called the grievance procedures into play.'"  *Id.* (citing *John Wiley & Sons, Inc. v. Livingston*, 376 U.S. 543, 559 (1964)).  On de novo review, the Court will overrule this objection.[5]

### 2. *Warranty Clause*

Respondent's next objection is that the magistrate judge erred in reaching the same conclusion about the Warranty Clause as the Limitations Clause.  Docket No. 41 at 4–5.  As the magistrate judge noted, the "Warranty Clause provides that [p]etitioner will notify [r]espondent 'promptly of any claim for loss or damage, and any subsequent developments thereto, which may involve the Limit of Insurance provided by this policy.'"  Docket No. 40 at 8 (quoting Docket No. 1-1 at 16).  The magistrate judge found unpersuasive respondent's argument that the Warranty Clause was not enforceable

---

[5] Respondent also argues that *Howsam* should be limited because that case involved a National Association of Securities Dealers arbitration rule and the Court noted that the arbitrators in that case were "comparatively more expert about the meaning of their own rule" and were "better able to interpret and to apply it."  Docket No. 41 at 4 (quoting *Howsam*, 537 U.S. at 85).  That reason to enforce the arbitration agreement, however, was offered in dicta and, as the Court has noted, reading *Howsam* as narrowly as respondent argues would violate the "liberal . . . policy favoring arbitration agreements."  *Howsam*, 537 U.S. at 83 (quoting *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 24–25).  Moreover, the arbitration time limit in *Howsam* is similar to the time limit in this case.  *Compare Howsam*, 537 U.S. at 81 ("no dispute 'shall be eligible for submission to arbitration . . . where six (6) years have elapsed from the occurrence or event giving rise to the . . . dispute'"), *with* Docket No. 1-2 at 12 ("No law suit [sic] or other action shall be taken against the Underwriters . . . unless commenced within 24 months after either the expiration or cancellation of this Insurance, whichever occurs first.").

because petitioner failed to comply with the condition precedent of notifying respondent. *Id.* (citing *Vine v. PLS Fin. Servs., Inc.*, 689 F. App'x 800, 803 (5th Cir. 2017) (unpublished) (finding Supreme Court's holding in *Howsam* refers to "non-compliance with contractual conditions precedent to arbitration") (quoting *Ehleiter v. Grapetree Shores, Inc.*, 482 F.3d 207, 219 (3d Cir. 2007))).

Respondent repeats the same argument it made in its response to the motion to compel arbitration and, in a footnote, cites the same cases that it relied upon in its response.  Docket No. 41 at 4 n.2.  Respondent's reliance on these cases is not well taken.  *See United States v. Hardman*, 297 F.3d 1116, 1131 (10th Cir. 2002) ("Arguments raised in a perfunctory manner, such as in a footnote, are waived."). Regardless, on de novo review, the Court agrees with the magistrate judge that these cases are not convincing.  *See* Docket No. 40 at 8–9 n.2 (finding *Md. Cas. Co. v. Norville*, 80 F.2d 438, 439 (10th Cir. 1935), unpersuasive because that court described the performance of a promissory warranty as a condition precedent to the right of recovery and the court found performance of a condition precedent to be an issue for the arbitrator; finding *Openwater Safety IV, LLC v. Great Lakes Ins. SE*, 435 F. Supp. 3d 1142, 1148, 1155–56 (D. Colo. 2020), unpersuasive because the court applied New York and federal admiralty law, not Colorado law, and because the insurance policy in that case provided that a breach of the warranty would void the policy, which is not present in this case).  The Court therefore overrules this objection.

### 3.  Litigation Conduct

Respondent's third objection is that the magistrate judge "too narrowly applied the litigation conduct waiver" by considering only petitioner's conduct in this lawsuit

against respondent, rather than pre-litigation conduct.  Docket No. 41 at 5.

The magistrate judge first determined that the question of whether a party has waived arbitration through its conduct in litigation is one for the court.  Docket No. 40 at 9 (citing *Price v. Random House, Inc.*, No. 07-cv-01347-RPM-MJW, 2009 WL 3415821, at *6 (D. Colo. Oct. 16, 2009) ("In cases decided after *Howsam*, the First, Third and Sixth Circuits have concluded that whether a party has waived the right to arbitrate by engaging in litigation conduct inconsistent with the assertion of that right is an issue for the court to determine.")).  The magistrate judge further found that the "burden of demonstrating waiver is heavy given the strong federal policy favoring arbitration."  *Id.* at 9–10 (quoting *Clowdis v. Colo. Hi-Tec Moving & Storage, Inc.*, No. 11-cv-00036-CMA-KMT, 2011 WL 5882191, at *4 (D. Colo. Nov. 3, 2011) (citing *Hill v. Ricoh Americas Corp.*, 603 F.3d 766, 771 (10th Cir. 2010)), *recommendation adopted*, 2012 WL 895701 (D. Colo. Mar. 15, 2012)).

Respondent cites the same instances of what it considers to be improper litigation conduct in support of its waiver argument in both its response to petitioner's motion to compel and in its objection: (1) petitioner first gave notice of the claim on June 23, 2021, five years after the date of loss and two years after [p]etitioner initiated a lawsuit against Underwriters; (2) petitioner's *Whispering Pines I* lawsuit did not name respondent as a party and petitioner did not serve respondent; (3) petitioner's notice to respondent was made a year after petitioner submitted its answer and counter demand in the Underwriters arbitration.  Docket No. 37 at 13; Docket No. 41 at 5.  The magistrate judge found that none of this conduct is "*litigation* conduct by [p]etitioner directed at or concerning [r]espondent."  Docket No. 40 at 10 (citing *Reid Burton Const.*

*Inc. v. Carpenters Dist. Council of Southern Colo.*, 535 F.2d 598, 604 (10th Cir. 1976)

(noting waiver can occur due to "conduct before the court"); *Clowdis*, 2011 WL

5882191, at *9 ("the overwhelming majority of [] cases revolve around whether a party's

*litigation*-related conduct amounted to a waiver of the right to compel arbitration")).  The

magistrate judge determined that, because the only evidence of litigation conduct

between petitioner and respondent is this lawsuit, respondent has failed to meet the

heavy burden necessary for waiver.

 In its objections, respondent provides no additional argument.  Because the

Tenth Circuit has made clear that the burden of demonstrating waiver is heavy given the

strong federal policy in favor of arbitration, *see Hill*, 603 F.3d at 771; *see also Hart v.*

*Orion Ins. Co.*, 453 F.2d 1358, 1360 (10th Cir. 1971) ("In view of the overriding federal

policy favoring arbitration, waiver is not lightly inferred"), the Court does not find that

respondent has met its burden in this case and, on de novo review, the Court overrules

this objection and accepts the magistrate judge's recommendation.

 Because the Court, on de novo review, has overruled all of respondent's

objections to the recommendation on the motion to compel, the Court will accept the

recommendation and grant the motion.

 **B.  Motion for Judgment on the Pleadings**

 The magistrate judge noted that, although briefing on the motion for judgment on

the pleadings is stayed pending the Court's disposition of the motion to compel

arbitration, the arguments in respondent's motion for judgment on the pleadings are

"identical" to its arguments in response to the motion to compel.  Docket No. 40 at 1 & 1

n.1.  Thus, because the only claim petitioner brings is for an order compelling

arbitration, *see generally* Docket No. 1, and because petitioner's arguments in its motion for judgment on the pleadings are identical to those the magistrate judge considered in the motion to compel, the magistrate judge recommends denying the motion for judgment on the pleadings and closing the case.  Docket No. 40 at 11–12.

Respondent concedes that its arguments are "undeniably similar," yet argues that the arguments in the two motions are not identical and that the legal standards in reviewing a motion to compel arbitration and a motion for judgment on the pleadings are not the same.  Docket No. 41 at 6.

Although respondent is correct that the legal standards are not the same, respondent's objection is not well taken.  First, even though briefing has been stayed, the Court agrees with the magistrate judge that respondent's arguments against the motion to compel and in favor of judgment on the pleadings are not materially different. *Compare* Docket No. 37 (arguing against arbitration because of the Limitations Clause, the Warranty Clause, and petitioner's litigation conduct) *with* Docket No. 24 (arguing in favor of judgment on the pleadings and advancing the same arguments regarding the Limitations Clause and the Warranty Clause).  Second, although briefing has been stayed, respondent could not raise any new issues in its reply.  *See Gutierrez v. Cobos*, 841 F.3d 895, 902 (10th Cir. 2016) ("[A] party waives issues and arguments raised for the first time in a reply brief." (quoting *Reedy v. Werholtz*, 660 F.3d 1270, 1274 (10th Cir. 2011)).  Third, because respondent does not seek relief in its answer, *see generally* Docket No. 8, and does not object to the magistrate judge's review of the facts in this case, the Court does not find that lifting the stay would materially change the issues before the Court on the motion for judgment on the pleadings.  Therefore, the Court will

overrule respondent's objection, accept the magistrate judge's recommendation, and deny the motion for judgment on the pleadings.

## IV.  CONCLUSION

For the foregoing reasons, it is

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 40] is **ACCEPTED**.  It is further

**ORDERED** that Great American Insurance Company of New York's Fed. Civ. P. 72(b)(2) Objection to the Recommendation of United States Magistrate Judge [Docket No. 41] is **OVERRULED**.  It is further

**ORDERED** that Great American Insurance Company of New York's Rule 12(c) Motion for Judgment on the Pleadings [Docket No. 24] is **DENIED**.  It is further

**ORDERED** that Whispering Pines West's Motion to Compel Arbitration [Docket No. 25] is **GRANTED**.  It is further

**ORDERED** that this case is closed.

DATED August 22, 2022.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge